UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KIANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONWIDE LIFE AND ANNUITY INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-02073-JSC<br><br>**ORDER RE: MOTION TO REMAND**<br><br>Re: Dkt. No. 16 |

Plaintiff Jason Kiang sued Nationwide Life and Annuity Insurance Company and Ricardo Lara, Commissioner of the California Department of Insurance, in the Superior Court of California, County of San Francisco. (Dkt. No. 1 at 14.) Plaintiff accused Nationwide of breach of contract, breach of the covenant of good faith and fair dealing, and financial abuse. (*Id.* at 20-22.) The action against Lara seeks a writ of mandamus, compelling Lara to review Nationwide's policies and withdraw or revoke approval for those policies. (*Id.* at 25.)

Nationwide removed the action to this Court, asserting diversity jurisdiction. *See* 28 U.S.C. § 1332. Specifically, Nationwide contends Plaintiff fraudulently joined Lara—a California resident who has not yet been served—to preclude federal jurisdiction. Plaintiff moved to remand. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion remand. Because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, the case is remanded to the Superior Court of California, County of San Francisco. The hearing scheduled for July 6, 2023 is VACATED.

**DISCUSSION**

In the Ninth Circuit, there are two ways to establish fraudulent joinder:

> (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Fraudulent joinder is established the second way

> if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder."

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). Fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Nationwide fails to meet its "heavy burden" here. *Grancare*, 899 F.3d at 548.

Nationwide fails to show there is no possibility Plaintiff's mandamus claim against Lara could survive in state court. Under California law, a court may issue a writ of mandate to compel a public agency or officer to perform a mandatory duty—such as the DOI's duty to review an insurance policy under the insurance code. *See Ellena v. Dep't of Ins.*, 230 Cal. App. 4th 198, 206 (2014). As in *Ellena*, Plaintiff requests the DOI comply with its duty to review his policy. (See Dkt. No. 1 at 25 ¶ 52.) So, just as in *Ellena*, Plaintiff has some possibility of stating a claim—in this complaint or an amended complaint—for mandamus requiring Lara to perform a mandatory action. Given there is a possibility that a state court would find the complaint states a cause of action against the resident defendant, the Court must find the joinder was proper and remand the case to state court. *Grancare*, 899 F.3d at 548.

Nationwide's contrary arguments are unpersuasive. Nationwide contends *Ellena* is inapplicable because Plaintiff asks for the DOI to exercise its discretion in a certain manner. *Ellena*, 230 Cal. App. 4th at 207 ("[M]andamus will not lie to compel governmental officials to exercise their discretionary powers in a particular manner[.]") But—even if Plaintiff's initial complaint requests more relief than mandamus can provide—a district court must grant remand if an amended complaint could possibly state a claim against the non-diverse defendant. *Grancare*, 899 F.3d at 550. Nationwide does not explain how Plaintiff would be categorically barred from bringing a more tailored mandamus request in an amended complaint. For example, Defendant makes no argument that Plaintiff's claims are time-barred. *See Grancare*, 899 F.3d at 548-549 (collecting cases re: impossibility).

2

Nationwide also argues Plaintiff's counsel has a pattern of suing the DOI Commissioner to defeat diversity, then fails to oppose dismissal of the in-state defendant in state court. (*Id.* at 16; *see also Proctor v. Worthington Cylinder Corp.*, No. 19-CV-08409-EMC, 2020 WL 1146740, at *1 (N.D. Cal. Mar. 10, 2020) (finding "[t]he Ninth Circuit does not appear to have recognized (at least as of yet) this specific theory of fraudulent joinder – *i.e.*, where the plaintiff has no real/actual intention to prosecute the case against the nondiverse defendant[,]" and collecting district court cases on either side of the issue)). Given the strong presumption against finding fraudulent joinder, the Court declines to inquire into Plaintiff's future intentions, absent clear and convincing evidence of "actual fraud in the pleading of jurisdictional facts." *Grancare*, 899 F.3d at 548.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED.[1] The case is remanded to the Superior Court of California, County of San Francisco. The hearing scheduled for July 6, 2023 is VACATED.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 16.

Dated: June 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Because a state court could, possibly, find Plaintiff's "compelling the exercise of discretion" mandamus claim viable, the Court need not reach whether Plaintiff could possibly state a claim for abuse of discretion mandamus. *See Ellena*, 230 Cal. App. 4th at 208-218.